THE PEOPLE *ex rel.* CHARLES R. STILWELL, agt. THE NEW YORK PRODUCE EXCHANGE.

*Costs—How allowed in mandamus— Code of Civil Procedure, section 2086— Construction of.*

Where a peremptory *mandamus* is denied without an alternative *mandamus,* the court has no authority to award costs except as upon a motion.

*Special Term, February,* 1883.

AN application for a peremptory *mandamus* having been denied, the counsel for the respondent moved for an extra allowance and for costs as in an action. The motion was denied, the facts further appearing in the opinion.

*W. R. Foster, Jr.* (*Foster & Wentworth*), for respondent, for the motion. Under section 2086 of the Code, when a peremptory *mandamus* is denied, fifty dollars costs and disbursements should be granted, together with an extra allowance, as in an action, to be computed on the basis of the value of the property in controversy.

*James B. Dill, Edward C. James* (*Dill & Chandler*), for the relator, in opposition.

I. The court has no authority to award costs where an application for a peremptory *mandamus* is denied. This is a special proceeding. Section 3240 of the Code is limited to cases where the costs are not specially regulated by the Code. Section 2086 of the Code specially regulates the costs upon a motion for a *mandamus*. It omits, however, to provide for any costs or disbursements where a motion is denied. The respondent, therefore, is entitled to no costs or disbursements.

II. In any event the respondent is only entitled to ten dollars costs and the disbursements, as of a reference on a motion. Section 3240 of the Code provides costs shall be awarded at the same rates allowed for similar services in an action. An application for a peremptory *mandamus* is a motion (*Code*

*of Civil Pro.*, secs. 767, 768, 2070 ; *People* agt. *Supervisors &c.*, 2 *Abb.* [*N. S.*], 78). Section 3251, subdivision 3, paragraph 9, provides, the court may award costs not exceeding ten dollars besides the necessary disbursements for printing, &c. On a special proceeding no costs can be taxed except motion fees and disbursements (*People, &c.*, agt. *Cooper*, 10 *Weekly Dig.*, 77).

III. The court has no authority to order an extra allowance. Provisions awarding extra allowance apply to actions only (*Matter of R. & S. Co.*, agt. *Davis*, 55 *N. Y.*, 145 ; *sec.* 3253 *of the Code*).

LAWRENCE, *J.*— This was an application for a peremptory *mandamus* in the first instance. Section 2086 of the Code of Civil Procedure provides that, " where an alternative *mandamus* has been issued, costs may be awarded as in an action, except that upon making a final order the costs are in the discretion of the court. Where a peremptory *mandamus* is granted without a previous alternative *mandamus*, costs not exceeding fifty dollars, and disbursements may be awarded to either party, as upon a motion." It will be observed that this section does not refer to costs in cases in which, as in the case under consideration, the application for the peremptory writ has been denied at chambers. Section 3240 of the Code provides that, " costs in a special proceeding instituted in a court of record, or upon an appeal in a special proceeding taken to a court of record, where the costs thereof are not specially regulated in this act, may be awarded to any party in the discretion of the court, at the rates allowed for similar services in an action brought in the same court or an appeal from the same court, and in like manner." It is under this section that the respondent is entitled to costs, if at all. The relator's counsel contends that section 3240 does not aid the respondent, because the costs in *mandamus* proceedings are specially provided for by section 2086, which I have quoted above ; but, as that section says nothing about the

costs to be allowed to the respondent when he prevails on a motion for a peremptory *mandamus*, it would appear to be a forced construction of the language of section 3240 to hold that, as costs have been specially provided for by section 2086, where an alternative writ has been issued, or a peremptory writ has been granted, in the first instance, that the respondent necessarily is to receive nothing where neither writ has been issued, and where an application for a peremptory writ has been denied. On the contrary, I am of the opinion that the respondent is entitled to costs, in the discretion of the court, at the same rates as are allowed for similar services in an action. Now, this application was a motion (*Code, secs.* 767, 768; *People ex rel. Cagger* agt. *Supervisors of Schuyler,* 2 *Abb.* [*N. S.*], 78; *Code, sec.* 207). By section 3251 of the Code of Civil Procedure, costs upon a motion, or upon a reference specified in section 3236 of that act, may be awarded at a sum fixed by the court or judge not exceeding ten dollars, besides necessary disbursements for printing and referee's fees. In this case there was a reference to ascertain and report the facts, which is one of the classes of references referred to in section 3236 of the Code and specially provided for by section 1015 of the Code. I am of the opinion, therefore, that the respondent is entitled to ten dollars and the amount paid by him for referee's fees.